IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALT STICKILY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 16-6252** |
| | : | |
| **COUNTY OF LANCASTER, et al.** | : | |

### MEMORANDUM

**SCHMEHL, J.  /s/ JLS**                                                    **FEBRUARY 15, 2019**

Plaintiff, a former inmate at Lancaster County Prison, brought this action under 42 U.S.C. § 1983, claiming that the individual John Doe defendants were deliberately indifferent to his serious medical needs. Named as defendants are the County of Lancaster, two former Wardens of Lancaster County Prison, Dennis Molyneaux and Paul Smeal, Officer John Does 1-100 (collectively, Lancaster County Defendants), PrimeCare Medical, Inc, and John Does A-Z (collectively, PrimeCare Defendants).

Count One asserts a claim against John Does 1-100 from Lancaster County Prison and John Does A-Z from PrimeCare for deliberate indifference to Plaintiff's serious medical needs, which Plaintiff contends resulted in him having to undergo the amputation of his right lower leg and left toes. Count Two alleges a derivative claim against defendants County of Lancaster, Wardens Molyneaux and Smeal for failing to properly train and supervise John Does 1-100 as to proper medical care of inmates in general and of inmates with diabetes in particular. Count Two also asserts a derivative claim against PrimeCare for failing to train and supervise its medical personnel, John Does A-Z.  Count Three asserts a claim for negligence against PrimeCare Medical and

1

John Does A-Z while Count IV asserts a claim against PrimeCare Medical and John Does A-Z for medical malpractice.

Following the completion of fact discovery the Lancaster County Defendants and the PrimeCare Defendants filed motions for summary judgment. In his response to the motions, Plaintiff's counsel stated that, "Plaintiff hereby stipulates to the dismissal of Paul Smeal, Dennis Molyneaux, and the John Doe Defendants. This leaves only the County of Lancaster and PrimeCare as Defendants in this suit." (ECF 48-1, p.5. n.1). As a result of Plaintiff's stipulation, there are no longer any individuals named as defendants in Count One and therefore, Count One will be dismissed.

As to Count II, a municipality such as the County of Lancaster may be sued directly under 42 U.S.C. § 1983 only if the allegedly unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, (1978). A "custom or usage" may also qualify, even if not formally approved by the official decision making body. *Id.*, at 691. In addition, municipal liability may be based on the actions of a single official policymaker if that person holds "final authority" to establish such policy. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986). Municipalities however, may not be held liable under a respondeat superior theory. *Monell*, 436 U.S. at 691.

Likewise, "[a] private corporation contracted by a prison to provide health care for inmates [such as PrimeCare] cannot be held liable on a respondeat superior theory; rather, it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs." *Henry v.*

*Buskirk,* 2011 WL 767540 at * 4 (E.D. Pa. 2011) (*citing*, *Natale v. Camden Co. Correctional Facility*, 318 F.3d 575, 583-584 (3d Cir. 2003).

Further, it is well-settled that a derivative claim against a municipality such as the County of Lancaster or a private corporation acting under color of state law such as PrimeCare can only stand if the Plaintiff can establish an underlying constitutional claim against an individual employee of that municipality or private corporation. *Colllins v. City of Harker Heights, Tex.*, 503 U.S. 115, 123-24 (1992); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of [any] individual police officer, the fact that the departmental regulations might have *authorized* [unconstitutional action] is quite beside the point."); *Stephens v. City of Englewood*, 689 Fed. Appx. 710, 714 (3d Cir. 2017) (not precedential) (affirming district court's dismissal of *Monell* claims against police department and city where plaintiffs failed to establish an underlying constitutional violation against the individual defendant-detectives); *Kneipp v. Tedder*, 95 F. 3d 1199, 1212 n. 26 (3d Cir. 1996) ("Of course, had there not been an underlying constitutional violation in the first instance, plaintiff's 'failure to train' claim against the City would not stand.") *Williams v. Borough of West Chester, Pennsylvania*, 891 F. 2d 458, 467 (3d Cir. 1989). ("West Chester cannot be vicariously liable under *Monell* unless one of West Chester's employees is primarily liable under section 1983 itself.*")*

Here, Plaintiff's counsel has stipulated to the dismissal of all the individual John Doe defendants of the County of Lancaster and PrimeCare. He has also not taken any steps to substitute the John Doe defendants with the actual name of even one individual defendant, despite the completion of discovery and the expiration of the applicable

statute of limitations. Since there are no longer any individual employees of either the County of Lancaster or PrimeCare remaining in this action, there can be no primary liability of any individual and, therefore, no municipal liability against either the County of Lancaster or PrimeCare. *Id.* Therefore, judgment will be entered in favor of the County of Lancaster and PrimeCare and against the Plaintiff on Count Two.

With respect to Counts Three and Four, under 28 U.S.C. § 1367, a federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Stated otherwise, a prerequisite to the federal court's exercise of pendent jurisdiction over a plaintiff's state law claims is that at least one claim based on the court's original diversity or federal question jurisdiction is before the court. See 28 U.S.C. § 1367. When "the district court has dismissed all claims over which it has original jurisdiction," the district court has the express authority to decline to exercise supplemental jurisdiction over any related state law claims. 28 U.S.C. § 1367(c)(3). See also *Growth Horizons, Inc. v. Del. County, Pa.*, 983 F.2d 1277, 1285 (3d Cir.1993); *Greenwood Partners, L.P. v. Cimnet, Inc.*, No. 201CV06624LDD, 2003 WL 22238981, at *4 (E.D. Pa. Sept. 2003) ("a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction").

Here, Plaintiff's Section 1983 claim was the sole basis of the Court's original jurisdiction. For reasons already discussed, the Section 1983 claim fails as a matter of law. As a result, the Court is well within its right to refuse to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Those claims, therefore, are

dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Therefore, the Court will dismiss Counts III and IV without prejudice to Plaintiff bringing these claims in the appropriate state court.

       An appropriate Order follows.